UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BIRKS & MAYORS INC.,                              Case No. 07 Civ 6688

              Plaintiff,                     Judge Karas

  - against -                                       ECF Case

L. J. WEST DIAMONDS, INC.,                        **ANSWER**

              Defendant.
-----------------------------------------------------------------x

      Defendant, L.J. WEST DIAMONDS, INC. (AL. J. WEST@) by its attorneys, Law Offices of Mitchell J. Devack, PLLC, as and for its Answer to plaintiff=s Complaint, herein respectfully alleges as follows:

### ANSWERING THE ALLEGATIONS AS TO PARTIES

    1.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph A1" of the Complaint.

    2.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph A2" of the Complaint.

    3.    Admits the allegations of paragraph A3" of the Complaint.

    4.    Admits the allegations of paragraph A4" of the Complaint.

### ANSWERING THE ALLEGATIONS
### AS TO JURISDICTION AND VENUE

    5.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph A5" of the Complaint.

    6.    Denies having knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph A6" of the Complaint..

## ANSWERING THE FACTUAL ALLEGATIONS

7. Admits the allegations of paragraph A7" of the Complaint, states affirmatively that the 8.8 carat pink cushion shaped diamond (the Apink diamond@) was consigned to plaintiff pursuant to the terms at a written consignment memorandum and begs leave to refer to said memorandum for the complete terms and conditions thereof.

8. In answering the allegations of paragraph A8" of the Complaint, defendant admits the existence of the writing referred to therein, but denies that the same constitutes an enforceable agreement between the parties for all of the reasons hereinafter set forth.

9. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph A9" of the Complaint.

10. In answering the allegations of paragraph A10" of the Complaint, defendant admits the existence of the writing referred to therein, but denies that the same had any legal force or effect.

11. Admits the allegations of paragraph A11" of the Complaint.

## ANSWERING COUNT I

12. In answering the allegations of paragraph A12" of the Complaint, defendant repeats, reiterates and re-alleges each and every denial and/or other response contained in the foregoing paragraphs of this Answer, with the same force and effect as if fully set forth herein.

13. Denies each and every allegation contained in paragraph A13" of the

Complaint.

14. Denies each and every allegation contained in paragraph A14" of the Complaint.

15. Denies each and every allegation contained in paragraph A15" of the Complaint.

16. Denies each and every allegation contained in paragraph A16" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

17. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

18. On or about January 15, 2007, L. J. WEST consigned to plaintiff, pursuant to the terms of defendant=s Memorandum No. 1383, an 8.8 carat pink cushion shaped diamond. A copy of Memorandum No. 1383 is annexed hereto and made a part hereof, as Exhibit A.

19. That said Memorandum No. 1383 specifically provided that:

> The goods described and valued as below are delivered to you for examination and inspection only and remain our property and shall be returned to us on our demand... (Emphasis supplied).

20. That said Memorandum constituted an enforceable agreement between the parties.

21. That on or about January 19, 2007, pursuant to its rights under the Memorandum, L.J. WEST demanded of plaintiff that it return the pink diamond, the subject matter of Memorandum No. 1383, to defendant immediately.

22. That plaintiff, by its authorized representatives, refused to return the pink diamond to defendant, said refusal constituting a breach of the terms of the aforementioned consignment memorandum.

23. That defendant, at the time of plaintiff's breach, had an appointment with a prospective buyer for the pink diamond which had been made weeks earlier and who had even provided defendant's representative with an airplane ticket to bring the diamond to it for its examination.

24. That plaintiff, at the time of its breach of the consignment agreement was not ready, willing, or able to purchase the pink diamond from defendant, and, in fact, despite being in possession of the diamond for one (1) week had failed to purchase same.

25. That plaintiff categorically refused to return the pink diamond to defendant unless defendant granted it a purchase option to expire at a later date.

26. That plaintiff's demand for a purchase option when it was under a preexisting legal duty to return the pink diamond unconditionally was improper and extortionate.

27. That had defendant not advised plaintiff that it would grant it a purchase option defendant would not have recovered possession of the pink diamond, and would have lost its customer, and would have been damaged thereby.

28. That defendant could not have obtained a substantially similar diamond to sell to its customer as this diamond was a unique and rare stone.

29. That litigation to recover possession of the pink diamond was not a realistic option since the length of time inherent in such proceedings can be lengthy,

defendant would have lost its customer.

30. That in order to recover its property, as it had a right to do, defendant had no other option but to agree to plaintiff's extortionate demands regarding the alleged purchase option.

31. That any purported purchase option granted to plaintiff by L. J. WEST is unenforceable as the product of economic duress.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. Plaintiff is barred from relief by reason of its own inequitable conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. The purported purchase option is void for lack of consideration.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. The purported purchase option is void for vagueness and lack of definite terms.

35. Defendant demands a jury trial.

WHEREFORE, defendant respectfully demands judgment against plaintiff, dismissing the Complaint with costs, and granting such other and further relief as this court may deem just and proper.

Dated:   East Meadow, NY
         September 10, 2007

                                            Yours, etc.

                                            s/ Mitchell J. Devack
                                            MITCHELL J. DEVACK (MD 8611)
                                            LAW OFFICES OF
                                            MITCHELL J. DEVACK, PLLC
                                            Attorneys for Defendant
                                            90 Merrick Avenue, Suite 500

                        East Meadow, NY 11554
                        516-794-2800
                        Fax: 516-794-2900

TO:   ROBERT A. O'HARE, JR.
       O'HARE PARNAGIAN LLP
       Attorneys for Plaintiff
       82 Wall Street, Suite 300
       New York, NY 10005
       212-425-1401
       Fax: 212-425-1421

F:\DATA\SUSAN_V\LJ West Diamonds\Birks & Mayors, Inc\Answer 9-6-07.wpd