# O'HARE PARNAGIAN LLP

82 WALL STREET, SUITE 300
NEW YORK, NY 10005-3686
(212) 425-1401
FAX: (212) 425-1421
www.ohareparnagian.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08

CHRISTOPHER P. PARNAGIAN
ROBERT A. O'HARE JR.

January 23, 2008

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

      Re:    *Birks & Mayors Inc. v. L.J. West Diamonds, Inc.*, Index No.: 07-cv-6688

Dear Judge Sullivan:

      We are attorneys for plaintiff Birks & Mayors Inc. ("B&M") in the above referenced action. In accordance with Your Honor's Individual Practices, we respectfully request a pre-motion conference with respect to filing a Rule 12(c) motion for judgment on the pleadings. The basis of the motion is set forth below.

## Background

      On or about January 15, 2007, defendant L.J. West Diamonds, Inc. ("L.J. West") consigned an 8.8 carat pink cushion-shaped diamond (the "Diamond") to B&M. Thereafter, on or about January 19, 2007, L.J. West asked that the Diamond be returned. In the context of L.J. West's request for a return of the Diamond, the parties negotiated an option or right of first refusal (the "Option Agreement") -- in favor of B&M -- to purchase the Diamond for $195,000 per carat, for a total price of $1,731,600. The Option Agreement was in writing, signed by L.J. West, and had a specific expiration. In particular, the Option Agreement language provided as follows: "With regard to the 8.88 we give you a right of first refusal to purchase the stone and will honor this agreement until this Thursday [January 25th] at 5pm EST." (Compl. ¶ 8.) At approximately 10:59AM on January 25, 2007, within the stated expiration period, B&M exercised its right to purchase the Diamond at the Option Agreement price. However, L.J. West advised B&M that the Diamond had been sold to a third-party. Prior to selling the Diamond and B&M's exercise of the Option Agreement, L.J. West never once repudiated or disavowed the Option Agreement in any manner.[1]

---

[1] The Option Agreement and exchange between the parties is found in an e-mail chain attached as Exhibit A to the Complaint. It is believed that the ultimate purchaser of the Diamond sold by L.J. West was B&M's customer for whom B&M had sought consignment of the Diamond in the first instance.

O'HARE PARNAGIAN LLP

On July 24, 2007, B&M filed a Complaint seeking a minimum of $500,000 in compensatory damages for L.J. West's breach of the Option Agreement. On September 10, 2007, L.J. West answered the Complaint. In its answer, L.J. West admits that it entered into the Option Agreement with B&M and that B&M exercised its rights under the Option Agreement timely. (Answer ¶¶ 8, 10.) However, L.J. West denies the binding nature of the Option Agreement. In an affirmative defense, L.J. West asserts that the Option Agreement is "unenforceable as the product of economic duress," i.e., that it only granted the Option Agreement due to B&M's initial refusal to return the Diamond to L.J. West upon demand. (Id. ¶ 31.) Nowhere, however, has L.J. West pleaded – because it cannot -- that it ever repudiated the Option Agreement.[2]

## Argument

B&M is entitled to judgment for the following reasons: 1) The Option Agreement is an enforceable contract because it was between merchants, in writing, and set for a fixed time; and 2) L.J. West's defense of duress fails because the Option Agreement was never repudiated.

### A. The Option Agreement does not Require Separate Consideration, and, by its Terms, was for a Definite Period of Time.

L.J. West's offer to sell B&M the Diamond is enforceable, without regard to consideration. "[W]ith respect to an offer by a merchant to buy or sell goods, when an offer to enter into a contract is made in a writing signed by the offeror, or by his agent, which states that the offer is irrevocable during a period set forth or until a time fixed, the offer shall not be revocable during such period or until such time because of the absence of consideration for the assurance of irrevocability." N.Y. Gen. Oblig. § 5-1109 (McKinney 2007). An offer is irrevocable if it makes reference to a specific period of time or if it explicitly states that it is irrevocable. Fullerton v. Prudential Life Ins. Co. of America, No. 99 Civ. 4453 (CM), 2000 WL 1810099 at *8 (S.D.N.Y. 2000). Here, there can be no dispute that the plain reading of the Option Agreement demonstrates that it is a valid and enforceable contract under New York law.

### B. L.J. West's Affirmative Defense Fails as a Matter of Law Because L.J. West Never Repudiated the Option Agreement

L.J. West's offer to sell the Diamond to B&M is not voidable because defendant failed to repudiate the Option Agreement. The ability of a party to escape obligations on grounds of economic duress is reserved for extraordinary cases. See VKK Corp. v. National Football League, 244 F.3d 114, 123 (2d Cir. 2001). The party asserting economic duress "shoulders a heavy burden." Orix Credit Alliance, Inc. v. Bell Realty, Inc., No. 93 Civ. 4949 (LAP), 1995 WL 505891 at *4 (S.D.N.Y. 1995) (internal citation omitted). "The person claiming duress must act promptly to repudiate the contract or release or he will be deemed to have waived his right to do

---

[2] LJ West also asserts affirmative defenses of lack of consideration and vagueness of terms (Answer ¶¶ 33, 34.) For the reasons set forth, these defenses are belied by statute and the plain reading of the option agreement, respectively.

2

O'HARE PARNAGIAN LLP

so." VKK Corp., 244 F.3d at 122, citing DiRose v. PK Mgmt. Corp., 691 F.2d 628, 633 (2d Cir. 1982). If the [] party does not promptly repudiate the contract . . . he will be deemed to have ratified it." DiRose v. PK Mgmt. Corp., 691 F.2d 628, 634-35 (2d Cir. 1982). "The burden necessarily increases proportionately with the delay in initiating suit or otherwise repudiating the contract in question, since it is well established under New York law that a party asserting duress must do so promptly." Int'l Halliwell Mines, Ltd. v. Cont'l Copper & Steel Indus., 544 F.2d 105, 108 (2d Cir. 1976); see also Scientific Holding Co. v. Plessey Inc., 510 F.2d 15, 23 (2d Cir. 1974).

Here, L.J. West never repudiated its obligations under the Option Agreement and never pleaded that it did so in its Answer to the Complaint. Indeed, when B&M exercised its rights under the Option Agreement, LJ West's only response was an apology: "[I]t is with regret that I must inform you that the stone was sold." (Compl. ¶ 11; Answer ¶ 11). L.J. West's defense of duress fails as a matter of law.

\* \* \* \*

In viewing the pleadings, under no set of facts can L.J. West raise a plausible defense to B&M's claims. Accordingly, B&M is entitled to judgment on the pleadings, and requests permission to move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Respectfully,

Robert A. O'Hare Jr.

cc:  Nicholas P. Otis, Esq.

*[Handwritten order:]* Counsel shall appear for a pre-motion conference on February 7, 2008 at 11:30 AM.

SO ORDERED
2/2/08
RICHARD J. SULLIVAN
U.S.D.J.

X:\Client Files (A-F)\Birks & Mayors 0462.001\Pleadings\01.23.08 -- Ltr J. Sullivan (Final).doc